NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOREDANA RANZA, | No. 21-35992 |
| Plaintiff-Appellant, | D.C. No. 3:10-cv-01285-AC |
| v. | |
| NIKE, INC., an Oregon corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted December 6, 2023**
Portland, Oregon

Before: BERZON, NGUYEN, and MILLER, Circuit Judges.

After more than a decade of litigation on both sides of the Atlantic, Loredana

Ranza appeals from the district court's denial of two motions for relief from this

court's final judgment in *Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015). She

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* Nike, Inc.'s unopposed motion to update the docket by removing Nike European Operations Netherlands, B.V. as a listed appellee is granted, as the caption above reflects.

also appeals an order partially denying her motion for judicial notice. For the reasons below, we affirm the challenged orders.

1.     The district court did not abuse its discretion by denying Ranza's Rule 60(b)(6) motion as untimely. *See Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020); Fed. R. Civ. P. 60(c)(1) (requiring motions "be made within a reasonable time"). We assess timeliness based on "the party's ability to learn earlier of the grounds relied upon, the reason for the delay, the parties' interests in the finality of the judgment, and any prejudice caused to parties by the delay." *Bynoe*, 966 F.3d at 980. These factors weigh against Ranza.

Both parties—as well as the district court and magistrate judge—mistakenly assess timeliness based on the resolution of Ranza's 2016 lawsuit in Dutch courts. But our 2015 decision, which affirmed the dismissal of Ranza's claims against Nike on *forum non conveniens* grounds, expressly held that the relevant alternative forum was the Dutch Equal Treatment Commission, which had issued a 2010 decision on Ranza's claims.[1]

---

[1] We "affirm[ed] the dismissal of [Ranza's] claims against Nike under the doctrine of *forum non conveniens* because the Netherlands provides a more convenient forum than Oregon to hear Ranza's claims, the Dutch Equal Treatment Commission is an adequate alternative forum and it has already considered and rejected Ranza's claims." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1065 (9th Cir. 2015). Having affirmed "the adequacy of the [Commission] as an alternative forum," we concluded that "the Netherlands provided an adequate and more convenient alternative forum in which to litigate Ranza's claims, thus justifying Nike's dismissal under the *forum non conveniens* doctrine." *Id.* at 1079. "This [wa]s especially true because Ranza herself

First, Ranza relies on the absence of a Dutch forum. But that alleged lack of an adequate Dutch forum was clear at the latest in 2016, when, after we identified the alternative forum as the Dutch Equal Treatment Commission—where Ranza had *already* litigated her claims and received an adverse finding in 2010—the Supreme Court denied Ranza's petition for certiorari seeking review of this court's *forum non conveniens* ruling. *See Ranza v. Nike, Inc.*, 577 U.S. 1104 (2016).

Second, Ranza's "reason for delay" rests on her pursuit of claims in Dutch courts between 2016 and 2019. But our 2015 *forum non conveniens* analysis nowhere contemplated a future Dutch legal challenge. So, while our 2015 judgment remains in place, the viability of a new action in Dutch courts has no relevance to whether there is an adequate alternative forum nor whether that 2015 judgment could be revisited under Rule 60(b)(6). Ranza has failed to explain why our 2015 judgment could not have been challenged much earlier.

Third, Ranza offers no persuasive reason to discount Nike's reliance interest in the finality of our 2015 decision. Again, as the procedures in the adequate forum identified in that decision had concluded, Nike had no expectation of further litigation, or of reopening the existing judgment because a different Dutch forum later proved inadequate.

---

chose to litigate her discrimination claims before the [Commission], which thoroughly reviewed [her] claims." *Id.* at 1077.

3

Fourth, the district court adopted the magistrate judge's conclusion that allowing Ranza to revive her claims would prejudice Nike. Ranza argues that Nike should have anticipated further litigation if the Netherlands "proved to be an unavailable forum." But, yet again, our 2015 decision did not rest on the availability of a *prospective* adequate forum. Nike had no reason to expect that Ranza would attempt to revive her Oregon case years later on forum-related grounds after exhausting her claims in a Dutch tribunal, the adequacy of which had no relevance to whether our 2015 *forum non conveniens* judgment should be revisited.

Ranza's 2020 motion challenging our 2015 decision was not reasonably timely under the *Bynoe* factors. The district court did not abuse its discretion in denying that motion.

2.      Nor did the district court abuse its discretion by denying Ranza's Rule 60(d)(3) motion. *See United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1166–67 (9th Cir. 2017). As the "party seeking to establish fraud on the court," Ranza "must meet a high standard." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1132 (9th Cir. 2022). "We exercise the power to vacate judgments for fraud on the court with restraint and discretion, and only when the fraud is established by clear and convincing evidence." *United States v. Est. of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (internal quotation marks omitted). To constitute fraud on the court, the conduct at issue must "harm[] the integrity of the judicial process" through an

4

"unconscionable plan" that "go[es] to the central issue in the case." *Sierra Pac.*, 862 F.3d. at 1168 (internal quotation marks omitted).

Ranza has not shown any misrepresentation by Nike that meets that high bar. Nike's statements about Dutch law were legal arguments, not factual assertions, and so do not constitute "intentional, material misrepresentation[s]," *Sierra Pac.*, 862 F.3d at 1168 (internal quotation marks omitted); *cf. Abatti v. Comm'r*, 859 F.2d 115, 118 (9th Cir. 1988). Any misrepresentation during the earlier litigation about the availability of trans-Atlantic travel records did not affect the case's outcome, as Ranza received those materials in discovery. And Ranza fails to identify a misrepresentation about witnesses. Nike's Dutch subsidiary told Dutch courts that "the witnesses . . . do not all live in the Netherlands," which is compatible with both Nike and its subsidiary's 2013 statement to the district court that they would need to "bring[] witnesses to Oregon to testify" and our 2015 conclusion that "relevant documents and witnesses are mostly located abroad," *Ranza*, 793 F.3d at 1078.

3.     Ranza also appeals from the district court's denial of her request for judicial notice of a 2018 lawsuit in Oregon district court. *See Cahill v. Nike, Inc.*, No. 3:18-cv-01477 (D. Or.). Because we hold for reasons unconnected to the merits of our 2015 judgment that the district court correctly denied Ranza's motions under Rules 60(b)(6) and 60(d)(3), the judicial notice issue is moot.

**AFFIRMED.**